L. J. Anshen Co.
vs.      No. 59480.
B. & O. Chain Co.

### February 2, 1928.

CAPOTOSTO, J. In an action in assumpsit the plaintiff recovered a verdict of $5,198.56, which represents the total of his claim of $4,317.45 and $881.11 as accrued interest. The defendant, in moving for a new trial, maintains that the verdict is excessive.

The differences between these parties arose in a transaction which involved a large amount of ordinary jewelry. The real item in dispute is a charge of $3,803.21 concerning a sale on memorandum. The issue is whether or not, under all the facts and circumstances in evidence, the plaintiff, after demand for a return of the goods in question, has given the defendant a reasonable opportunity to comply with this request before charging the defendant with the price originally agreed upon between the parties for this merchandise.

The evidence was conflicting. The result, therefore depended upon which party the jury would believe. The defendant overstated the facts, if nothing more, when it gave certain testimony with regard to its letter of December 5, 1923, to the plaintiff (Defendant's Exhibit A). The defendant's attorney, in arguing his motion for a new trial, claimed that the evidence bearing upon the writing and the sending of this letter was the unfortunate part of his client's case; that there had been an oversight as to certain particulars with reference to this letter which had been "corrected when they saw the situation;" and that this testimony "probably poisoned the mind of the jury." The fear thus expressed is undoubtedly true to some extent. This bit of evidence would naturally affect a jury, when it succeeded in impressing the Court. All that can be said in regard to this incident is that the testimony is top heavy, unreasonable and indicates the necessity for extreme caution in the consideration of the defendant's testimony as a whole.

The jury listened to the claims of the respective parties and saw them upon the witness stand. It had a right to accept or reject the contention of either party when weighed in the light of reason and the requirements of reasonable business policies. In its judgment, as manifested by its verdict, it disapproved the defendant's conduct and justified the plaintiff's action. A careful consideration of all the testimony convinces the Court that the jury discharged its duty in accordance with the merits of the case and that its verdict does substantial justice between the parties.

Motion for new trial denied.

For plaintiff: Philip C. Joslin.

For defendant: Littlefield, Otis & Knowles.